United States District Court
D. Oregon.
Oct. 4, 1956.

White, Sutherland & Parks, Portland, Or., for petitioner.

Maurice D. Sussman, Portland, Or., for bankrupt.

Edward A. Boyrie and F. Brock Miller, Portland, Or., for trustee.

EAST, District Judge.

This matter came on upon the petition of Rogers Machinery Company, Inc., for a review of the Referee in Bankruptcy, Estes Snedecor's Order of May 23, 1956, denying the petitioner's reclaim of certain machinery and authorizing the above named bankrupt's trustee to sell said machinery free and clear of petitioner's legal title as a conditional sales vendor of such machinery, except for the vendor's right to have paid the balance of the contract in the amount of $521.86 from the proceeds of the trustee's sale.

As appears from the Certificate of said Referee, the facts of the controversy are as follows:

"The facts are undisputed and are set forth in the Referee's order denying the petition to reclaim one Gardner-Denver air compressor complete with built-in 100 HP 870 RPM Century Motor Model WBKIM 5002, Serial Number 158773, and one 100 HP 440 volt motor starter, which

were installed as a part of the bankrupt's sawmill at Sheridan, Oregon. However, the order recites that this equipment was purchased on conditional sale contract for $3,131.16, whereas it appears from the copy of the contract attached to the reclamation petition that the total purchase price was $4,840.00, on account of which $1,800 was paid in cash and the balance, with added finance charges, to wit $3,131.16, was to be paid in six equal monthly installments of $521.86 each starting April 1, 1955. The first five instalments were paid, leaving unpaid the last instalment due September 1, 1955.

"The petition for review was not filed until June 5, 1956. Some time prior thereto the trustee under the authority of the Referee had employed Milton J. Wershow Company of Los Angeles to process, catalogue, advertise and sell at public auction all assets of the bankrupt, including the above described equipment. This equipment had been catalogued and pictured for sale in the auctioneer's advertising brochure of which eight thousand copies had been printed and mailed to prospective buyers. Under the circumstances the Referee did not feel justified in withdrawing said equipment from the auction sale. Accordingly on June 14, 1956 the equipment claimed by petitioner was sold at public auction for the sum of $5,200.

"The trustee has offered to pay the petitioner the balance due on its conditional sale contract in the sum of $521.86 together with interest thereon at the rate of 10% per annum accrued to the date of sale."

The referee, in support of his conclusions, makes the following comments:

"The Court of Bankruptcy is a court of equity. The Referee followed the law of Oregon which in equity holds that the beneficial title to real or personal property passes to the conditional vendee and that the vendor under a conditional sale contract retains the legal title to secure the balance of the purchase price. If the Court should hold that the Referee erred in denying the petition to reclaim, then the trustee would be required to pay to the petitioner the proceeds of the sale of the equipment in the sum of $5,200 instead of the balance due the petitioner on the contract of sale in the sum of $521.86 with accrued interest."

The petitioner urges that the question presented by the foregoing facts and legal relationships has been fully adjudicated to its favor in this Ninth Judicial Circuit, and cites in support thereof, In re Pagliaro, D.C.N.D.Cal., S.D.1951, 99 F.Supp. 548, affirmed Costello v. Golden, 9 Cir., 1952, 196 F.2d 1017. The doctrine of this case appears to be that:

"Unless the trustee affirmatively elects to complete an executory contract of the bankrupt within sixty days of the filing of the bankrupt's petition, the contract is deemed irrevocably rejected."

This Court believes that the spirit of Sec. 70, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 110 sub. b, is to afford protection to the bankrupt's estate and against claims arising by reason of the trustee's failure to perform the bankrupt's covenants and obligations under an executory contract arising and occurring subsequent to the date of adjudication of bankruptcy. In other words, the trustee is given a sixty day breathing spell within which to determine whether or not the estate should abandon a "white elephant" or perform a beneficial contract, and, further, relieves the bankrupt's estate from accumulating liabilities unless the trustee takes "affirmative" action.

The factual background of In re Pagliaro, as reported reveals that one Golden sold to Pagliaro a restaurant business with its fixtures under and pursuant to a conditional sales contract of sale and purchase not materially unlike the conditional sales contract involved in this matter so far as remedy of the conditional

sales vendor upon default is concerned. Pagliaro failed in his business venture and became a voluntary bankrupt and following the filing of his petition Pagliaro "turned the property over to Golden who sold it for $4750.00." "At the time the property was given to Golden the balance due on the purchase price was $3,-676, * * *" This Court concludes, from a reading of the opinion in In re Pagliaro, that the conditional sales vendor foreclosed the contract and all of the bankrupt's interest thereunder prior to any action by the Bankruptcy Court or the trustee in connection with Pagliaro's bankrupt estate.

As stated in the opinion, the bankrupt's delivery of possession was unlawful and derogatory to the trustee's rights and, therefore, the trustee had ample legal remedy to pursue in order to recover possession. However, no action was taken in this regard "within sixty days of the filing of the bankrupt's petition, * * *". It is obvious that the trustee had abandoned any interest that the bankrupt's estate may have had in the property involved.

Unlike the foregoing factual situation, in the instant case we find that at no time did the bankrupt nor the trustee surrender possession of the property involved and at all times exercised "equitable ownership" thereof.

The conditional sales vendor had his legal remedy upon the default occasioned by the failure in making timely payment of the final installment of purchase price. However, no action was ever taken and, in the language of Judge Murphy, In re Pagliaro, supra, 99 F.Supp. at page 551:

> "But the conditional vendor may not, after the petition in bankruptcy is filed, take the property from the bankrupt without the permission of the bankruptcy Court or through a reclamation proceeding."

By retaining possession of the property involved and the exercise of "equitable ownership" thereof the trustee, in the opinion of this Court, affirmatively, from the date of his possession, assumed the above named bankrupt's liabilities under the conditional sales contract involved within the spirit of Sec. 70, sub. b, aforesaid.

The petitioner's petition to review is denied and the order of the Referee dated May 23, 1956, is in all respects confirmed.

Counsel for the Trustee is requested to draw appropriate order.