**In re AVERY ARNOLD CONSTRUCTION INC., Debtor.**

**Bankruptcy No. 81-00058-BKC-TCB.**

United States Bankruptcy Court,
S. D. Florida.

April 14, 1981.

James Paul, Miami, Fla., for Trustee.

Gary Simon, Miami, Fla., for creditor.

Robert E. Venney, Miami, Fla., for Avery Arnold Const. Co.

**ORDER APPROVING ASSUMPTION OF LEASE AND APPROVING ASSIGNMENT TO R. T. ENTERPRISES, INC.**

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor's lease with Ocean Reef Landings, Inc., does not expire until December 15, 1984. The trustee seeks leave to sell the debtor's rights under its existing lease. (C.P. No. 10). The application was heard on April 9.

At the hearing, the landlord opposed the application on the ground that the trustee had not assumed the lease within the 60 day period provided in 11 U.S.C. § 365(d)(1):

"In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such contract or lease is deemed rejected."

In this chapter 7 case, the order of relief was entered on January 16, 1981, therefore the 60 days expired on March 17. There has been no application nor order to extend the time. The trustee has made no written assumption or rejection of this lease.

It is undisputed on the record before me that at least a week before the 60 days expired, the trustee's attorney advised the landlord's attorney that the trustee intended to assign the lease to a designated third party and he requested an estoppel letter defining the sum necessary to bring the lease current and he requested the landlord's approval of the proposed assignee. The lease reserves to the landlord the right to reject an assignee. On March 10, the landlord's attorney approved the proposed assignee in an estoppel letter.

I find that the trustee orally assumed this lease within the 60 day period.

The Code is silent as to the formality required to assume a contract or lease. Section 365(a) merely provides that:

"... the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

Although the court's approval is mandatory, the "assumption" may precede "approval" and, therefore, there is no requirement that the approval occur within the 60 day period. Although the degree of formality required in the giving of a timely notice of an election to assume is not clearly defined, I am persuaded by the holding in *Nostromo, Inc. v. Fahrenkrog*, 8 Cir. 1968, 388 F.2d 82, 85, where an oral notice given by the trustee's attorney to the attorney for the vender under an executory contract which the trustee intended to assume was found to be sufficient. *Nostromo* dealt with an assumption under § 70(b) of the former Act, but the differences between that provision and § 365 of the Code are immaterial in this context. The court said:

"Since the statute does not specify any written notice of assumption, we cannot engraft any formalities into the statute, and we know of no good reason why oral notice of assumption as was made in this case does not suffice."

I agree. I find that there was a timely assumption of this lease by the trustee.

I treat the application for leave to assign the lease, which has been duly noticed to all creditors and which is presently before me, as also requesting approval of the assumption of the lease. The former necessarily presupposes the latter. On that premise, I approve the assumption of the lease.

The trustee's recommended assignment reflected an offer of $4,500 from R. T. Enterprises, Inc. That assignment was opposed by several parties who wished to pay more for the lease. Regrettably, the notice of this hearing did not invite alternative offers. At the trustee's recommendation, I have waived the notice of sale required by B.R. 203(a)(2) for the reason stated by the trustee and as authorized by that Rule, and approve the trustee's assignment of this lease to the highest bidder at the price of $9,500. The successful bidder was R. T. Enterprises, Inc., who is ordered to pay the balance of the purchase price in cash forthwith to the trustee. The assignee has already been approved by the landlord.

The assignee assumes the lease with the obligation of providing the landlord with a security deposit in accordance with the terms of the lease immediately and the trustee is ordered to cure the debtor's default in this lease immediately from the proceeds presently in his hands as a deposit. If there be a question as to the exact amount necessary to cure the default, the trustee is directed to tender to the landlord the full amount specified in the landlord's letter of March 10 and I will hear the parties as to this issue on 24 hour notice.

Although the trustee's informal handling of this significant transaction meets the minimum requirements of the Code, it should not serve as a model to anyone. The trustee's election to assume or reject an executory contract ought to be in unconditional and unambiguous written form filed with this court and served upon the affected party. That election should also incorporate a request for this court's approval and

should be brought before the court at the earliest opportunity.