**In re The LIONEL CORPORATION, Lionel Leisure, Inc., Consolidated Toy Company, Debtors.**

**Bankruptcy Nos. 82 B 1031 through 82 B 10320.**

United States Bankruptcy Court, S.D. New York.

May 9, 1983.

Weil, Gotshal & Manges, New York City, for Official Committee of Unsecured Creditors.

Angel & Frankel, P.C., New York City, for debtors.

Spengler, Carlson, Gubar, Brodsky & Rosenthal, New York City, for Powerline Commercial Industrial Center.

Hahn & Hessen, New York City, for Louis Gilbert and Molly Dashoff, applicants as landlord.

## DECISION ON MOTION FOR REHEARING

EDWARD J. RYAN, Bankruptcy Judge.

On February 19, 1982, Lionel Leisure, Inc. ("Leisure") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. It continued in possession of its property and operation of its business as debtor in possession pursuant to sections 1107 and 1108 of the Code.

In a plan submitted to the Shareholders Committee and the Creditors Committee, Leisure indicated which retail premises it intended to continue to operate, and which retail premises it intended to close as part of its reorganization plan. Subsequently, the landlords of three of the stores which Leisure had indicated would remain open brought actions in the Bankruptcy Court seeking to have their leases assumed or rejected pursuant to section 365 of the Code. Leisure decided to assume the leases and applied to this court for an order authorizing the assumptions. However, the Creditors Committee was opposed to the assumption of the leases, and a hearing was held on February 9, 1983, at which both Leisure and the Committee appeared.

During the hearing Leisure presented testimony which showed that the decision to assume the leases was based upon its informed business judgment that the retail premises in question were all productive locations which contributed to the overall operations of the business, and were necessary for a successful reorganization. Witnesses testified that the leases were valuable assets of the estate, as the rent payable under each lease was at or below market value.

The Creditors Committee, on the other hand, asserted that the assumption of the leases would be inappropriate because in the event that Leisure would not be able to reorganize, the assumed leases would create unnecessary administrative expenses in liquidation.

This court granted Leisure's application, over the Creditors Committee's objection, by orders dated March 22, 1983. Thereafter, the Committee moved this court for a rehearing, on the ground that this court committed a manifest error of law.*

The Committee contends, first, that this court failed to give sufficient weight to its arguments that (1) the assumption of the leases would prejudice the unsecured creditors of Leisure, and (2) the assumption of the leases would be premature because the landlords failed to show that they would be unduly burdened by the delay of such as-

---

* In its motion for rehearing, the Creditors Committee relies upon Rule 923 of the Rules of Bankruptcy Procedure, which makes applicable Rule 59(a) of the Federal Rules of Civil Procedure. Rule 59(a) states in pertinent part:

(a) *Grounds.* A new trial may be granted to all or any of the parties, and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

According to interpreting case law, there are three grounds for granting a new trial under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence. *See e.g., Brown v. Wright,* 588 F.2d 708 (9th Cir.1978); *In re Devault,* 4 B.R. 382 (Bkrtcy.E.D.Pa.1980).

sumption until a reorganization plan is adopted.

After a careful reconsideration of these arguments, this court remains convinced that there is no merit to the Creditors Committee's position. A careful reading of the Committee's memorandum, submitted in support of this motion for rehearing, shows that counsel's interpretation of the applicable case law is misplaced.

■ Under 11 U.S.C. § 365 "[t]he debtor has the absolute right, by statute, to assume the lease after bankruptcy and to cure any defaults," subject to the court's approval. *In re Hub of Military Circle, Inc.,* 13 B.R. 288 (Bkrtcy.E.D.Va.1981). In a case under Chapter 11, the debtor may assume or reject a lease at any time before the confirmation of a plan, but the court may, on request of any party to the lease, order the debtor to determine within a specified period of time whether to assume or reject such lease. 11 U.S.C. § 365(d)(2).

There are no statutory requirements which the bankruptcy court must apply in determining whether or not to grant its approval. Instead, Congress saw fit to leave such determinations to the discretion of the court. Generally, however, courts grant their approval if the assumption or rejection appears to be in the best interests of the debtor.

At the February 9 hearing this court satisfied itself, after hearing testimony by both Leisure and the Creditors Committee, that Leisure's decision to assume the leases was in its best interests. The Committee has failed to establish any evidence in support of its contention that this decision constituted a manifest error of law. A losing party's desire to relitigate an issue in the hopes that the trial court will change its mind does not constitute a proper ground for granting a new trial.

Thus, there is no reason to grant the Creditors Committee's motion.

Motion denied.

Settle an appropriate order.

