**In re BY–RITE DISTRIBUTING, INC., Debtor.**

**Bankruptcy No. 84A–03050.**

United States Bankruptcy Court, D. Utah, C.D.

March 12, 1985.

portions which do set forth actionable grounds.  *See* Fed.R.Civ.P. 8, general rules of pleading.

Gerald H. Suniville, Roe, Fowler & Moxley, Salt Lake City, Utah, for debtor.

## MEMORANDUM OPINION

JOHN H. ALLEN, Bankruptcy Judge.

### CASE SUMMARY

This matter is before the Court on the debtor's motion to assume certain leases of nonresidential real property. The Court must decide whether the 1984 amendments to Section 365 permit the debtor in possession to assume nonresidential real property leases if the motion to assume is filed within 60 days from the commencement of the Chapter 11 case, but the matter is heard outside the 60-day period. This Court concludes that the leases terminated by operation of law and are, therefore, nonassumable.

### FACTUAL AND PROCEDURAL BACKGROUND

The debtor, By-Rite Distributing, Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 8, 1984. The debtor is engaged in the business of operating and leasing con-

venience stores and service stations. On January 7, 1985, the sixtieth day after filing, the debtor filed a motion to assume five leases of nonresidential real property used in its business. With respect to each lease, the motion recited that "[s]aid lease is currently being used in the debtor's business and is a valuable asset of the debtor's estate and is necessary to an effective reorganization of said debtor." Each lease was in default, but "in the event the court approves the debtor's assumption," the debtor proposed to cure all defaults "at that time and continue to make all payments . . . as they became due."[1]

■ On January 29, 1985, a hearing was held on the debtor's motion. The Court questioned whether the leases could be assumed since more than 60 days had elapsed since the date of filing the Chapter 11 petition. Following a brief colloquy, counsel asked leave to submit a memorandum dealing with the issue.[2] The Court has considered the arguments and legal authorities presented by counsel, and upon its own review of the statute, rules and case authorities renders the following decision.[3]

## ANALYSIS

### The 1984 Amendments to Section 365

Section 365 of the Bankruptcy Code, 11 U.S.C. § 365, was substantially rewritten by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, 98 Stat. 333 (July 10, 1984). Subtitle C of Title III of the Amendments contained the changes to the Code's treatment of unexpired commercial leases, and special protection for lessors of real property in shopping centers. Prior to the 1984 amendments, the Code treated unexpired leases differently in Chapter 7 than in Chapters 9, 11, and 13.[4] In Chapter 7, the trustee was allowed 60 days to make the decision whether to assume an unexpired lease. If the trustee did not assume or reject within the 60-day period, the lease was deemed rejected. However, the trustee could obtain additional time to assume or reject "for cause" within the 60-day period. In a reorganization proceeding under Chapter 9, 11, or 13, the debtor in possession or trustee could assume or reject an expired lease at any time prior to plan confirmation, but a creditor could request that the bankruptcy court fix a deadline for assumption or rejection. *See N.L.R.B. v. Bildisco and Bildisco,* —— U.S. ——, 104 S.Ct. 1188, 1198, 79 L.Ed.2d 482 (1984). *See also, In re Kelly Lyn Franchise Co.,* 26 B.R. 441 (Bkrtcy.M.D.Tenn.), *aff'd,* 33 B.R. 112 (M.D.Tenn.1983); *In re National Sugar Refining Co.,* 27 B.R. 565, Bankr.L.Rep. (CCH) ¶ 69,157 (S.D.N.Y.1983); *Dallas-Fort Worth Regional Airport Board' v. Braniff Airways, Inc.,* 26 B.R. 628, 10 B.C.D. 244 (N.D.Texas 1982); *In re GHR*

---

1. Debtor's Motion to Assume Unexpired Real Property Leases at 2–4.

2. The debtor in possession, through its attorney, delivered a letter to the Court, and copies to interested parties, on February 1, 1985, setting forth the legal authorities in support of its position that the leases did not terminate. While the Court disapproves of this manner of presenting one's points and authorities, it has, nonetheless, carefully reviewed and considered the cases cited by counsel in the letter in reaching its decision.

3. Due to the necessity of rendering a prompt decision in this case, the Court entered its findings of fact, conclusions of law, and order denying the debtor's motion to assume the leases on February 14, 1985, but, in view of the significance of the issue to the administration of this and other Chapter 11 cases, expressly reserved the right to issue this memorandum opinion to elaborate the basis for its ruling. *Cf. In re Curlew Valley Associates,* 14 B.R. 506, 508–09 (Bkrtcy.D.Utah 1981).

4. Section 365(d) formerly provided: (1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected. (2) In a case under chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

*Energy Corp.*, 41 B.R. 668 (Bkrtcy.D.Mass. 1984); *In re Anderson*, 36 B.R. 120 (Bkrtcy.D.Haw.1983). The debtor was entitled to a reasonable time within which to assume or reject the lease. *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105 (2d Cir.1982). This proposition seems to have its origin in equity receivership practice. *See* Clark, Foley & Shaw, "Adoption and Rejection of Contracts and Leases by Receivers," 46 Harv.L.Rev. 1111 (1933). What constituted a reasonable time was left to the court's discretion in light of the circumstances of each case. *Theatre Holding Corp. v. Mauro, supra,* 681 F.2d at 105; *In re Anderson, supra,* 36 B.R. at 125. During the period between filing the bankruptcy petition and assumption or rejection of the lease, the debtor was not required to pay rent, but the estate was liable for the reasonable value of the use and occupancy of the premises. *In re Cochise College Park, Inc.,* 703 F.2d 1339, 1354 (9th Cir.1983). *In re GHR Energy Corp., supra,* 41 B.R. at 670; *Matter of Fred Sanders Co.,* 22 B.R. 902, 905 (Bkrtcy.E.D.Mich.1982). *See generally,* 2 COLLIER ON BANKRUPTCY ¶ 365.03[2], at 365–24 to 365–26 (15th ed. 1984).

The 1984 Amendments reallocated the burden of fixing a reasonable time within which to assume or reject unexpired leases. Section 365(d) now provides:

(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

(2) In a case under chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of non-residential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

The legislative history indicates the Congressional intent behind the modifications to Section 365(d):

Subtitle C of title III, with the exception of a few minor changes, is identical to S. 549 which was overwhelming approved by the committee and which unanimously passed the Senate in 1982 and 1983.

This subtitle contains three major substantive provisions which are intended to remedy serious problems caused shopping centers and their solvent tenants by the administration of the bankruptcy code.

The first problem which this bill would remedy is the long-term vacancy or partial operation of space by a bankrupt tenant. Although in a chapter 7 case the bankruptcy code presently requires that the trustee decide whether to assume or reject an unexpired lease within 60 days after the bankruptcy petition is filed, there is no deadline for this decision in a chapter 11 case. Because of the unprecedented number of bankruptcy cases and the consequent delays in the bankruptcy courts, tenant space has been vacated for extended periods of time before the bankruptcy court forced the trustee to decide whether to assume or reject the lease. During this time, the other tenants of the shopping center are hurt because of the reduced customer traffic in the shopping center. Tenants and landlords in other nonresidential structures have encountered similar problems.

The bill would lessen the problems caused by extended vacancies and partial operation of tenant space by requiring that the trustee decide whether to assume or reject the nonresidential real property lease within 60 days after the order for relief in a case under any chapter. This time period could be extended by the court for cause, such as in exceptional cases involving large numbers of leases. One of the minor changes in this subtitle was to limit it to nonresidential real property leases. If the lease is not assumed or rejected within this 60-day period, or any additional period granted by the court, the lease is deemed rejected and the trustee must immediately surrender the property to the lessor.

A second and related problem is that during the time the debtor has vacated space but has not yet decided whether to assume or reject the lease, the trustee has stopped making payments due under the lease. These payments include rent due the landlord and common area charges which are paid by all the tenants according to the amount of space they lease. In this situation, the landlord is forced to provide current services—the use of its property, utilities, security, and other services—without current payment. No other creditor is put in this position. In addition, the other tenants often must increase their common area charge payments to compensate for the trustee's failure to make the required payments for the debtor.

The bill would lessen these problems by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that debtor-tenants pay their rent, common area, and other charges on time pending the trustee's assumption or rejection of the lease. For cause the court can extend the time for performance of obligations due during the first 60 days after the order for relief, but not beyond the end of such 60-day period. At the end of this period, the amounts due during the first 60 days would be required to be paid, and thereafter, all obligations must be performed on time. This permissible 60-day grace period is intended to give the trustee time to determine what lease obligations the debtor has and to locate the cash to make the required payments in exceptionally large or complicated cases. The bill does not require the performance of the trustee's obligations under subsections (b) or (f) of section 365. The acceptance by the lessor of any payments made by the trustee as required by this subsection does not constitute a waiver or relinquishment of the lessor's rights under such lease or under the bankruptcy code.

130 Cong.Rec. S8894–95 (daily ed. June 29, 1984) (remarks of Senator Hatch).

The new amendments allow the trustee to wait until confirmation to decide on assumption or rejection of *residential* leases or *personal property* leases only. 11 U.S.C. § 365(d)(2). *Cf. In re Sweetwater,* 40 B.R. 733, 11 B.C.D. 1220, 10 C.B.C.2d 985 (Bkrtcy.D.Utah 1984). But the debtor-lessee of *nonresidential real property* must act within 60 days. 11 U.S.C. § 365(d)(4). The amendments go even fur-

ther. Under the prior law there was no requirement that the debtor pay rent during the period between filing and the date of assumption or rejection. The lessor's claim for "administrative rent" based on the reasonable value of the use and occupancy of the premises might have to await payment with other administrative claims at a later date. The new provisions require the debtor in possession or trustee to "timely perform" all obligations under the lease of nonresidential real property notwithstanding Section 503(b)(1).[5] 11 U.S.C. § 365(d)(3). Moreover, upon rejection, the debtor in possession or trustee must "immediately surrender" the property to the lessor. 11 U.S.C. § 365(d)(4).

### What Constitutes Assumption Under Section 365(d)(4)?

Section 365 of the Bankruptcy Code, as enacted in 1978 and amended in 1984, represents a significant departure from its predecessor, Section 70b of the Bankruptcy Act, 11 U.S.C. § 110(b) (repealed).[6] Under Section 70b there was a split of authority on the question of whether assumption of an unexpired lease required court approval. *In re Kelly Lyn Franchise Co., supra,* 26 B.R. at 444. Former Bankruptcy Rule 607, which took effect on October 1, 1973, stated that "[w]henever practicable, the trustee shall obtain approval of the court before he assumes [an executory contract or unexpired lease]."[7] The absence of a generally recognized procedure for assumption under the former Bankruptcy Act and Rules of Bankruptcy Procedure resulted in some courts holding that informal acts of the trustee without court approval could constitute assumption. "An assumption [could] be shown by word or by deed consistent with the conclusion that the trustee intend-

5. There was no evidence presented at the hearing on the debtor's motion to approve assumption of these leases to show that postpetition rent and other charges under the leases had been paid by the debtor.

6. Section 70b provided:

(b) The trustee shall assume or reject an executory contract, including an unexpired lease of real property, within sixty days after the adjudication or within thirty days after the qualification of the trustee, whichever is later, but the court may for cause shown extend or reduce the time. Any such contract or lease not assumed or rejected within that time shall be deemed to be rejected. If a trustee is not appointed, any such contract or lease shall be deemed to be rejected within thirty days after the date of the order directing that a trustee be not appointed. A trustee shall file, within sixty days after adjudication or within thirty days after he has qualified, whichever is later, unless the court for cause shown extends or reduces the time, a statement under oath showing which, if any, of the contracts of the bankrupt are executory in whole or in part, including unexpired leases of real property, and which, if any, have been rejected by the trustee. Unless a lease of real property expressly otherwise provides, a rejection of the lease or of any covenant therein by the trustee or of the lessor does not deprive the lessee of his estate. A general covenant or condition in a lease that it shall not be assigned shall not be construed to prevent the trustee from assuming the same at his election and subsequently assigning the same; but an express covenant that an assignment by operation of law or the bankruptcy of a specified party thereto or of either party shall terminate the lease or give the other party an election to terminate the same is enforcible. A trustee who elects to assume a contract or lease of the bankrupt and who subsequently, with the approval of the court and upon such terms and conditions as the court may fix after the hearing upon notice to the other party to the contract or lease, assigns the contract or lease to a third person, is not liable for breaches occurring after the assignment.

7. Former Bankruptcy Rule 607 provided:

Within 30 days after the qualification of the trustee, unless the court for cause shown extends or reduces the time, the trustee shall file a statement showing any executory contracts of the bankrupt, including unexpired leases, which the trustee has assumed. *Whenever practicable, the trustee shall obtain approval of the court before he assumes a contract.* Any such contract not assumed within 60 days after qualification of the trustee, or within such further or reduced time as the court may allow within such 60-day period, shall be deemed to be rejected. If a trustee does not qualify, any such contract shall be deemed to be rejected at the expiration of 60 days after the date of an order directing that a trustee be not appointed, or at such earlier or later time as the court may fix within such 60-day period. On application by the trustee for authority to assign any contract he has assumed pursuant to this rule, the court shall determine the matter after hearing on notice to the other party to the contract. (Emphasis added).

ed to assume." *In re Steelship Corp.*, 576 F.2d 128, 132 (8th Cir.1982). *See also Allan Construction Co., Inc. v. United States*, 646 F.2d 487, 493, 227 Ct.Cl. 193 (1981); *Brown v. Presbyterian Ministers Fund*, 484 F.2d 998, 1007 (3d Cir.1973); *Nostromo, Inc. v. Fahrenkrog*, 388 F.2d 82, 84–85 (8th Cir.1968); *In re Forgee Metal Products*, 229 F.2d 799, 801–02 (3d Cir. 1956); *In re Texas & New Orleans Railroad Co. v. Phillips*, 196 F.2d 692, 695 (5th Cir.1952); *In re Ro-An Food Enterprises, Ltd.*, 41 B.R. 416 (E.D.N.Y.1984); *In re Electrospace Corp.*, 39 B.R. 632, 641 & n.13 (S.D.N.Y.1984); *In re Hawaii Daiichi-Kanko, Inc.*, 24 B.R. 163, 166 (Bkrtcy.D. Haw.1982); *In re Sapolin Paints, Inc.*, 20 B.R. 497, 507 (Bkrtcy.E.D.N.Y.1982); *In re Avery Arnold Construction, Inc.*, 11 B.R. 34, 35 (Bkrtcy.S.D.Fla.1981). This view was held inapplicable to cases under Section 365 in a well-reasoned opinion by the Bankruptcy Court for the Middle District of Tennessee. In *In re Kelly Lyn Franchise Co., supra*, 26 B.R. at 444–45, Judge Lundin writes:

The court rejects debtor's contention that the assumption of an unexpired lease can be accomplished by implication. Debtor relies upon cases decided under the old Bankruptcy Act which held that because "the Act does not provide any formal manner in which the trustee shall make the assumption, ... as well as by formal written declaration." *In re Nostromo, Inc. v. Fahrenkrog*, 388 F.2d 82, 84–85 (8th Cir.1968). *See also In re Steelship Corp.*, 576 F.2d 128, 132 (8th Cir.1978); *Brown v. Presbyterian Ministers Fund*, 484 F.2d 998, 1007 (3rd Cir. 1973); *In re McCormick Lumber Manufacturing Corp.*, 144 F.Supp. 804 (D.Or. 1956). Debtor argues that its actions, specifically its tendering of October rent, manifested an actual assumption of the lease. The court finds, however, that even under the Act, the majority rule and the better rule was that judicial approval was required before allowing the assumption or rejection of an unexpired lease. *Local Joint Executive Board, AFL-CIO v. Hotel Circle, Inc.*, 419 F.Supp. 778 [ (D.C.Cal.1976) ] *aff'd* 613 F.2d 210 (9th Cir.1980). *See also Bradshaw v. Loveless (In re American National Trust)*, 426 F.2d 1059, 1064 (7th Cir.1970); *Texas Importing Co. v. Banco Popular de Puerto Rico*, 360 F.2d 582 (5th Cir.1966). Assumption or rejection by implication or by action leads inevitably to the kind of confusion and uncertainty exemplified by this case. Moreover, the explicit requirement of court approval is now clear under the language of § 365(a) of the Code.

\*　　\*　　\*　　\*　　\*　　\*

Section 365(a) makes clear that an assumption of an executory contract "can only be effected through an express order of the court." 2 L.King, COLLIER ON BANKRUPTCY § 365.03 at 365–21 (15th ed.1982). As the court correctly stated in *Frank C. Videon, Inc. v. Marple Publishing Co.*, 20 B.R. 933 (Bkrtcy. E.D.Pa.1982); "[a]ny assumption or rejection of an unexpired lease is devoid of validity without the court's approval." *Id.* at 934. Similarly, the court noted in *In re Price Chopper Supermarkets, Inc.*, 19 B.R. 462 (Bkrtcy.S.D.Cal.1982) that "since there is no automatic assumption or rejection in a Chapter 11 proceeding ... any action must be presented for court approval." *Id.* at 467. *See also Gulf Petroleum v. Marrero*, 7 B.R. 586 (Bkrtcy D.P.R.1980). *Contra, In re Avery Arnold Construction Co.*, 11 B.R. 34, 35 (Bkrtcy.S.D.Fla.1981). (footnote omitted). *Cf.* 6 COLLIER ON BANKRUPTCY § 3.23[5], at 578–79 (14th ed.1978).

■ Neither Section 70b of the Bankruptcy Act nor Rule 607 of the former Rules of Bankruptcy Procedure established any formal manner by which the trustee must assume an executory contract or unexpired lease. *In re Electrospace Corp., supra*, 39 B.R. at 638. Some courts held that court approval was "a matter of good practice," but not a condition precedent of a valid assumption. *See e.g., Texas & New Orleans Railroad Co. v. Phillips, supra*, 196 F.2d at 695. In contrast, ac-

ceptance of an executory contract or unexpired lease by the debtor in possession under Section 365 cannot occur without bankruptcy court approval. *In re Kelly Lyn Franchise Co., supra,* 26 B.R. at 445. *Cf., In re Summit Land Co.,* 13 B.R. 310, 315, 7 B.C.D. 1361, 4 C.B.C.2d 1431 (Bkrtcy.D. Utah 1981) (rejection of executory contract or unexpired lease requires court approval). If the debtor in possession elects to assume an unexpired lease under which there has been a default, it must comply with Section 365(b)(1). That provision enumerates three prerequisites for assumption. The debtor must (1) cure or provide adequate assurance that it will promptly cure any default; (2) compensate the other party to the lease for any actual pecuniary loss resulting from the default; and (3) provide adequate assurance of future performance under the lease.[8]

When Section 365 was enacted in 1978, Congress intended that the procedures for court approval of the assumption of an unexpired lease and for determining whether the debtor in possession has provided adequate assurance of future performance would be covered in new bankruptcy rules to be promulgated by the Supreme Court. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 295 (1977), 1978 U.S.Code Cong. & Admin. News, p. 5787. Those

procedures are found in Bankruptcy Rule 6006, which became effective on August 1, 1983.[9] The text of Bankruptcy Rule 6006 appears simple and unambiguous. Once the debtor in possession has decided to assume an unexpired lease, a motion must be brought for assumption and a hearing held to determine any issues concerning the adequacy of assurance of future performance, compensation for loss, and cure. If the Court determines that assumption would further the debtor's reorganization effort and that the rights of other parties to the lease are receiving their due recognition and protection, the Court will grant the necessary approval. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 348–49 (1977), 1978 U.S. Code Cong. & Admin. News, p. 6305; S.Rep. No. 95–989, 95th Cong.2d Sess. 59 (1978), 1978 U.S. Code Cong. & Admin. News, p. 5845. In approving decisions to assume unexpired leases, the Court will give great deference to the business judgment of the debtor in possession or trustee regarding benefit to the estate, but must exercise independent judgment in determining whether the debtor is capable of curing defaults and providing assurance of future performance. *See Matter of East Hampton Sand & Gravel Co., Inc.,* 25 B.R. 193, 198, 7 C.B.C.2d 903 (Bkrtcy.E. D.N.Y.1982).[10] Assumption of an unex-

---

**8.** The requirement that the debtor in possession or trustee provide adequate assurance of future performance under the lease was not found in the Bankruptcy Act. *In re Sapolin Paints, Inc., supra,* 5 B.R. 412 at 417 (Bkrtcy.N.Y.1980). *See* 11 U.S.C. § 110(b) (repealed), *supra* note 6.

**9.** Bankruptcy Rule 6006 provides:
(a) Proceeding to Assume, Reject or Assign. A proceeding to assume, reject or assign an executory contract, including an unexpired lease, other than as part of a plan is governed by Rule 9014.
(b) Proceeding to Require Trustee to Act. A proceeding by a party to an executory contract or unexpired lease in a chapter 9 municipality case, chapter 11 reorganization case, or chapter 13 individual's debt adjustment case, to require the trustee, debtor in possession, or debtor to determine whether to assume or reject the contract or lease is governed by Rule 9014.
(c) Hearing. When a motion is made pursuant to subdivision (a) or (b) of this rule, the court shall set a hearing on notice to the other party

to the contract and to other parties in interest as the court may direct.

**10.** Apart from the cure, compensate, and assurance requirements of Section 365(b)(1), neither the Code nor the Rules provide standards which the bankruptcy court must apply in determining whether to approve the debtor's assumption of an unexpired lease. *See In re Lionel Corporation,* 29 B.R. 694, 696, 10 B.C.D. 611 (Bkrtcy.S.D. N.Y.1983). Since the decision is primarily an administrative, not a judicial matter, the business judgment of the debtor in possession or trustee is entitled to great deference by the court. *See In re Louis K. Liggett Co.,* 4 F.Supp. 695 (S.D.N.Y.1933). *See also, In re J. Sapinsky & Sons,* 206 F. 523, 524 (W.D.Ky.1913) (trustee, not bankruptcy judge should decide whether assumption of lease is in the best interest of the debtor's estate). *Cf. In re Curlew Valley Associates, supra,* 14 B.R. at 509–14. It is not the function of this Court to make the kind of business judgments involved in determining which leases should be assumed and which

pired lease can only be effected through an express order of the bankruptcy court. *See Matter of Whitcomb & Keller Mortgage Co., Inc.*, 715 F.2d 375, 380 (7th Cir. 1983). The debtor in possession's broad power to assume unexpired leases is limited by the conditions imposed by Section 365(b)(1)(A)–(C). 11 U.S.C. § 365(a); *N.L.R.B. v. Bildisco and Bildisco, supra*, 104 S.Ct. at 1194 n. 7; *Matter of U.L. Radio Corp.*, 19 B.R. 537, 541, 8 B.C.D. 1273, 6 C.B.C.2d 430 (Bkrtcy.S.D.N.Y.1982); *In re Lafayette Radio Electronics Corp.*, 7 B.R. 189, 191, 6 B.C.D. 1334, Bankr.L.Rep. (CCH) ¶ 67,706 (Bkrtcy.E.D.N.Y.1980). The debtor in possession must establish by competent proof all conditions precedent to the right to assume an unexpired lease before court approval will be granted. *Matter of Truffles of Sarasota, Inc.*, 30 B.R. 666, 669 (Bkrtcy.M.D.Fla.1983).

In this Court's view, "assumption" and "approval" under Section 365(a) are correlative terms, that is, mutually interdependent and occurring in conjunction with one another. Assumption presupposes approval by the bankruptcy court. It is the opinion of this Court that assumption of an unexpired lease of nonresidential real property as contemplated by Section 365(d)(4) consists of three elements: (1) a conscious and deliberate decision on the part of the debtor in possession or trustee to assume, whether that decision is manifested by words, conduct, or a paper filed with the court; (2) the ability, as determined by the Court after notice and a hearing, to satisfy the cure, compensate, and adequate assurance requirements of Section 365(b)(1)(A), (B), and (C); and (3) a manifestation of judicial approval by the bankruptcy court.[11]

The Court rejects counsel's argument that so long as the motion to assume an unexpired lease of nonresidential real property is filed within the 60-day period, court approval may fall outside of that time. *Cf. In re Avery Arnold Construction, Inc., supra*, 11 B.R. at 34. Such a construction is contrary to the language and legislative history of Section 365. The automatic rejection mechanism of Section 365(d)(4), like that of Section 365(d)(1), was intended by Congress to resolve uncertainties between parties to leases concerning the status of the lease relationship, not to prolong them. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 348 (1977), 1978 U.S. Code Cong. & Admin. News, p. 6304.[12] Section 365(d)(4) is an unambiguous expression of Congressional intent to remedy the plight of the landlord "who is unfortunate enough to have for its tenant an insolvent [debtor]." *See Kennedy v. Boston-Continental National Bank*, 11 F.Supp. 611, 616 (D.Mass.1935). As implemented by Bankruptcy Rule 6006, it requires the debtor to take appropriate steps, including notice, a hearing, and court approval within

---

should be rejected. It is only where, as here, the proposed assumption appears legally impermissible or a judicial determination is necessary to ascertain if the statutory prerequisites have been satisfied, that the Court may appropriately interfere.

11. For purposes of the 60-day rule of Section 365(d)(4), elements (2) and (3) will be satisfied when the Court makes its ruling from the bench at the time of the hearing on the debtor in possession's motion for assumption of the unexpired leases, not when the written order approving assumption is entered on the court's docket. *Cf. Albrecht v. Robison*, 36 B.R. 913 (D.Utah 1983) (separate document rule requires written order appointing trustee, the docketing of which commences the two-year statute of limitations for commencing preference action).

12. The question of automatic rejection of executory contracts and unexpired leases in reorganization cases has been considered by Congress for more than a decade. The bankruptcy bill proposed by the Commission on the Bankruptcy Laws of the United States in 1973, and that offered by the National Conference of Bankruptcy Judges in 1974, would have required the court, at the request of the lessor, to fix a period of time *not to exceed thirty days* within which to debtor must assume or reject. *See* Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc.No. 93–137, 93d Cong., 1st Sess., Pt. II, at 152–53 (1973); *Hearings Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary*, Ser.No. 27, App. at 166 (1976).

the 60-day period in order to assume.[13] Once the 60 days have expired without being extended for cause shown and without an assumption approved by the bankruptcy court, a lease is deemed rejected.[14] The Court cannot agree to a construction of Section 365(d)(4) that would defeat the obvious intent of Congress and add delay and uncertainty to lease assumption decisions.

The Court must also disagree with counsel's contention that the filing of the motion to assume on the sixtieth day operates to extend the period for assumption or rejection. In order to obtain an extension of time to assume, Section 365(d)(4) requires that the matter be brought before the Court for determination within the 60-day period. *Cf.* Bankruptcy Rules 3002(c)(1), 4003(b), 4004(b), 4007(c), 8002(c), and 9006(b)(3); 11 U.S.C. § 362(e). Unless the motion for an extension of time to assume or reject is heard and granted within 60 days automatic rejection will occur. Upon a proper showing of cause, the bankruptcy court may enter an order extending the 60-day period upon the *ex parte* motion of the debtor in possession or trustee. *See Texas & New Orleans Railroad Co. v. Phillips, supra,* 196 F.2d at

694.[15] The purpose for requiring the debtor in possession or trustee to obtain an extension prior to expiration of the 60-day period "is to preclude this Court from retroactively extending the time for assumption upon a retroactive application by the trustee." *In re Capellen,* 39 B.R. 40 (Bkrtcy.S.D.Fla.1984) (interpreting Section 365(d)(1) of the Code). Once the lease has been deemed rejected, Section 365(d)(4) does not allow an extension of time to permit assumption.[16]

## CONCLUSION

In rewriting Section 365, it is apparent that Congress perceived the need to realign the burdens incident to assumption and rejection of unexpired leases of nonresidential real property. Section 365(a), (b), and (d)(4) and Bankruptcy Rule 6006 prescribe the manner and time in which the debtor in possession or trustee must act in order to assume such leases. It is difficult to overemphasize the significance that Section 365(d)(4) will have in this and other reorganization cases. It is a time bomb that begins ticking relentlessly and irresistibly upon entry of the order for relief. In this case the debtor failed to take the necessary

---

**13.** Under Section 70b of the Bankruptcy Act, a conclusive statutory presumption of rejection arose if the trustee failed to take affirmative action to assume within 60 days. *See In re Gravure Paper & Board Corp.,* 234 F.2d 928, 930 (3d Cir.1956); *Ten-Six Olive, Inc. v. Curby,* 208 F.2d 117, 123 (8th Cir.1953); *Wiemeyer v. Koch,* 152 F.2d 230, 234 (8th Cir.1945); *Hill v. Larcon Company,* 131 F.Supp. 469, 474 (W.D.Ark.1955); *In re Pagliaro,* 99 F.Supp. 548, 552 (N.D.Cal. 1951), *aff'd sub nom. Costello v. Golden,* 196 F.2d 1017 (9th Cir.1952) (per curiam).

**14.** The property interest which passes to the debtor's estate is not the lease itself, but the option of assuming or rejecting it within the 60-day period. *See In re Kreiger,* 15 F.2d 90, 91 (W.D.Pa.), *aff'd sub nom. Sproul v. Help Yourself Store Co.,* 16 F.2d 554 (3d Cir.1926). *See also, Palmer v. Palmer,* 104 F.2d 161, 163 (2d Cir.) *cert. denied,* 308 U.S. 590, 60 S.Ct. 120, 84 L.Ed. 494 (1939) (a lease, being property *cum onere,* does not pass to the trustee unless he assumes it); *In re United Cigar Stores Co.,* 69 F.2d 513, 515 (2d Cir.1934), *cert. denied sub nom, Reisenwebers, Inc. v. Irving Trust Co.,* 293 U.S. 566, 55 S.Ct. 76, 79 L.Ed. 665 (1934).

**15.** In complex cases, 60 days may be insufficient time for the debtor in possession to make an informed decision whether to assume or reject an unexpired lease. *Dallas-Fort Worth Regional Airport v. Braniff Airways, Inc., supra,* 26 B.R. at 636; 130 Cong.Rec. S8894 (daily ed. June 29, 1984) (remarks of Senator Hatch). *Cf. In re Crandell,* No. 84C–03402, transcript of hearing (Bkrtcy.D.Utah, Feb. 8, 1985) (60-day conditional extension to assume or reject nonresidential real property leases granted).

**16.** Section 365(d)(4) was enacted for the benefit of lessors and is intended to protect them from unreasonable risks occasioned by their tenants' bankruptcies. Since the 60-day termination rule is for the benefit of lessors, they can, presumably, waive its application. *See Larkins v. Sills,* 377 F.2d 1, 3 (5th Cir.1967); *Ten-Six Olive, Inc. v. Curby, supra,* 208 F.2d at 123. In the present case, however, there is nothing of record to suggest that any of the affected lessors have waived application of the automatic rejection mechanism of Section 365(d)(4).

steps within the time prescribed by the statute to assume the leases. Thus, the Bankruptcy Code deems the leases to have been rejected and the estate's interest in them terminated by operation of law. Any other holding would lead to endless confusion, delay, and uncertainty regarding the status of nonresidential real property leases in bankruptcy cases, and would nullify the principal object of Congress in amending Section 365. Equitable considerations do not permit the Court to flout the clear intent of Congress. If the debtor wishes to remain in possession of the leased premises, it must negotiate and execute new leases acceptable to its lessors.