**In re: BERGER'S BABES 'N BEARS, INC., d/b/a Bears 'N Babes In Toyland, Debtor.**

**Bankruptcy No. 92–12379–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 14, 1993.

Daniel A. Medeiros, Sarasota, FL, for debtor.

Stuart Jay Levine, Sarasota, FL, for Sarasota Quay U.S. Partnership, Ltd.

ORDER ON "MOTION FOR AN ORDER OF SURRENDER OF NONRESIDENTIAL PROPERTY TO THE LESSOR" (sic)

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a "Motion For An Order Of Surrender Of Nonresidential Property to the Lessor" (sic) filed by Sarasota Quay U.S. Partnership, Ltd. (Sarasota Quay). The Motion is filed pursuant to § 365(d)(4) of the Bankruptcy Code and is based on the contention of Sarasota Quay that Berger's Babes 'N Bears, Inc. (Debtor) failed to file a Motion to Assume its Lease with Sarasota Quay prior to the expiration of the 60 days required by the Code for assumption of nonresidential real property leases. Therefore, according to Sarasota Quay, the lease automatically terminated and as such was no longer assumable, and as a consequence, by virtue of the expressed mandate of § 365(d)(4) of the Bankruptcy Code, the Debtor has no choice but to surrender the premises forthwith to Sarasota Quay.

In opposing the Motion of Sarasota Quay, the Debtor contends that while it is true that the Motion to Assume its Lease with Sarasota Quay was filed after the expiration of the 60 days required by § 365(d)(4) of the Bankruptcy Code, it served its Motion on Sarasota Quay on November 12, 1992, or five days prior to the expiration date, therefore, the fact that the Motion itself was not filed until one day after the 60 days had expired is of no consequence and the lease is still assumable. In addition, the Debtor contends that it should be given an opportunity to establish its ability to meet the requirement for assumption of an expired non-residential lease as set forth in § 365(b)(1)(A), (B) and (C). The facts as appear from the record relevant to the resolution of the request of Sarasota Quay are basically without dispute and can be summarized as follows:

On September 17, 1992, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. The last day to assume its lease with Sarasota Quay was November 16, 1992. It is without dispute that the Debtor's Motion to Assume Lease was not filed until November 17, 1992, or one day after the expiration of the 60 days, although the Motion was served on the resident agent of Sarasota Quay on November 12, 1992, or prior to the expiration of the 60 days required by § 365(d) of the Bankruptcy Code.

Under the Bankruptcy Act of 1898 (Act), debtors did not face a deadline prior to which they were required to assume or reject nonresidential real estate leases. Consequently, it was not unusual, in fact quite common, that debtors under the relief of Chapters X and XI, who were tenants

under commercial leases continued to remain in possession of the leased premises for several months, at times years, without assuming or rejecting the lease and, most importantly, without paying any rent to the landlord. In response to pressure from the "shopping center lobby," Congress enacted § 365 of the Bankruptcy Code. The legislative history to the revised section makes clear that the modifications were enacted in order to "remedy serious problems of shopping centers and their solvent tenants by the administration of the bankruptcy code." *See 130 Cong.Rec. S8894–95* (daily ed. June 29, 1984) (remarks of Senator Hatch). Thus, while § 365 still permits the Trustee, i.e., Debtor–in–Possession in Chapter 11 cases, to assume or reject residential and personal property leases up until confirmation, a lessee of non-residential real property must now act to assume the lease within 60 days from the date of commencement of the case. 11 U.S.C. § 365(d)(4).

Unfortunately, neither § 365(d) of the Bankruptcy Code nor F.R.B.P. 6006, the Rule which deals with assumption of unexpired leases, furnish any guidance to the real crucial aspect of the implementation of § 365(d). There is nothing in the Section or in F.R.B.P. 6006 which fixes a time frame within which the debtor must seek and obtain authority to assume an unexpired non-residential lease; or resolves (1) whether it is sufficient to file a motion prior to the expiration of the 60 days or (2) whether it is sufficient to serve a motion to assume prior to the expiration of 60 days, provided the motion is filed within a reasonable time after service.

This uncertain state of law did produced conflicting decisions and spawned unnecessary, numerous, and costly litigations. Just a cursory review of the cases reveals more than 70 reported decisions attempting to fill the vacuum and furnish a satisfactory answer. For instance, in the case of *In re By–Rite Distributing, Inc.*, 12 B.C.D. 1082, 47 B.R. 660 (Bankr.D.Utah 1985), the bankruptcy court held that when the debtor filed a motion to assume non-residential lease, but did not obtain an approval of this request prior to the expiration of the 60 days, the motion to assume was untimely,

and the Debtor's interest in the lease was forfeited. On appeal, the district court reversed the bankruptcy court and held that so long as the Debtor filed a motion to assume the lease prior to the expiration date, the fact that the hearing was not held and approval was not granted until after the expiration of the 60 days was of no consequence. *In re By–Rite Distributing, Inc.*, 55 B.R. 740 (D.Utah 1985). The Ninth Circuit, considering the same issue, held in *In re Victoria Station Inc.*, 840 F.2d 682 (9th Cir.1988), that notwithstanding that § 364(d)(4) mandates an immediate surrender of leased premises, if the lease is not assumed within 60 days, there is no expressed limit to the time within which the bankruptcy court must hear and decide the motion to assume. The imposition of the 60–day time period pursuant to § 365(d)(4) was designed to apply to the Trustee or Debtor-in-Possession and not the court.

The Ninth Circuit in *In re Southwest Aircraft Services, Inc. v. City of Long Beach (Southwest Aircraft)*, 831 F.2d 848 (9th Cir.1987) was faced with the same factual pattern involved in this case. In *Southwest Aircraft*, the motion to assume was filed after the expiration of 60 days, even though it was served prior to the expiration of the 60–day period. The Ninth Circuit held that the motion was deemed to have been "made" when it was served on the opposing party, citing *5A J. Moore & J. Lucas*, Moore's Federal Practice ¶ 52.11[1] at 2748 n. 8 (2d ed. 1982); *Keohane v. Swarco, Inc.*, 320 F.2d 429, 431–32 (6th Cir.1963). The court also emphasized that because bankruptcy courts are courts of equity, they traditionally disfavored lease forfeitures, especially if a loss of the lease would imperil the debtor's reorganization and impede rehabilitative goals under the Code. *In re Musikahn Corp.*, 57 B.R. 938, 939 (E.D.N.Y.1986). Based on the foregoing, this Court is satisfied that by a liberal construction of § 362(d), it is appropriate to conclude that so long as the Motion to Assume was served prior to the expiration of 60 days and filed within a reasonable time, the Debtor shall be given an opportunity to

prove that it should be entitled to assume the unexpired lease pursuant to § 365(a).

This Court is fully aware of its own decision in the matter of *Condominium Administrative Services, Inc.* 55 B.R. 792 (Bankr.M.D.Fla.1985) which held that: (1) prohibition of Bankruptcy Code against assumption of lease of nonresidential real property terminated under applicable non-bankruptcy law prior to order for relief was applicable to lease under which debtor had operated mobile home park; (2) the lease was not terminated before filing of Chapter 11 petition; (3) the unexpired lease was deemed rejected. In this case however, the Debtor, while it was in Chapter 11, did timely file a Motion to Assume the Unexpired Lease, but prior to hearing the Motion, this Court appointed a Trustee pursuant to § 1104 of the Bankruptcy Code. It is without dispute that the Trustee took no affirmative steps toward assuming the lease and, of course, the 60–day period expired long before the Debtor was once again in a position to regain control of the estate. Based on these unusual facts, this Court concluded that the attempt to assume the unexpired lease was untimely and therefore, triggered forfeiture of the lease under § 365(d) of the Bankruptcy Code. The facts involved in *Condominium Administrative Services, supra,* of course, have no similarity to the facts currently before this Court. To the extent *Condominium Administrative Services* might be read for the proposition that the expiration of the 60–day period triggers forfeiture, even if the Motion was served but not actually filed until after the expiration period, is inapposite and not controlling.

Based on the foregoing, this Court is satisfied that notwithstanding the fact that a Motion to Assume this particular lease was filed one day after the expiration of 60 days, it was timely filed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the "Motion For An Order Of Surrender Of Nonresidential Property To The Lessor" (sic) filed by Sarasota Quay U.S. Partnership, Ltd. is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion To Assume Nonresidential Lease is scheduled to be heard before the undersigned on January 27, 1993 at 3:00 pm (2 hrs) in Courtroom A, 4921 Memorial Highway, Tampa, Florida 33634 in order for the Debtor to present evidence it is complying, or is able to comply, with the requirements for assumption as set forth in § 365(b)(1)(A), (B) and (C) of the Bankruptcy Code.

DONE AND ORDERED.