In re Maria Lee CAPELLEN d/b/a Tres Chic, Debtor.

**Bankruptcy No. 84–00048–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 20, 1984.

---

Douglass Wendel, West Palm Beach, Fla., Trustee.

Daniel Bakst, West Palm Beach, Fla., for trustee.

Jack Kirschenbaum, Cocoa Beach, Fla., for purchaser.

Mark D. Bloom, Miami, Fla., for claimants.

Scott Kenney, Fort Pierce, Fla., for debtor.

## ORDER WITH REFERENCE TO VERO MALL LEASE

THOMAS C. BRITTON, Bankruptcy Judge.

Two individuals who do business as Vero Mall have moved (C.P. No. 7) for an order confirming that their sub-lease to the debtor of certain premises by an assignment dated September 20, 1982, has expired under the provisions of 11 U.S.C. § 365(d)(1):

> "In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for. cause, *within such 60 day period,* fixes, then such contract or lease is deemed rejected."

The trustee concedes that he knew about the lease (which was disclosed in the debtor's schedules), but that he neither assumed nor rejected the lease within the 60 day period. Nor did he request, within the 60 day period, any extension of that time. However, the trustee now wishes to assume the lease and is ready, willing and able to immediately cure all defaults and to furnish adequate assurance that all future obligations under the lease will be discharged. The trustee has a responsible buyer of the debtor's business, which requires assumption of the lease.

It is clear from the provisions quoted above that the expiration of the lease occurs on the 60th day following inaction by the trustee, without the necessity of any notice, hearing or court order. It is also clear that this court may not extend the 60 day period except upon application by the trustee made within that time. The obvious statutory purpose is to preclude this court from retroactively extending the time for assumption upon a retroactive application by the trustee. As stated in *Collier on Bankruptcy* (15th ed.) ¶ 365.03[1]:

> "If the sixty day period expires the court will be without power to extend it thereafter."

I recognize that equitable grounds might well estop a party from relying upon the foregoing statutory termination of an executory contract. However, the trustee concedes in this instance that no such equitable grounds exist. His delay was prompted by a delay in the negotiations with the prospective purchaser which is in no way attributable to the landlord.

The trustee's oral request to assume the lease is denied. The sub-lease in question terminated by operation of the statute.