1. Creel & Atwood   Fee   $224,226.00
   Attorneys for Debtor   Expenses   $ 5,364.49
   and Debtor-in-   (less fees and expenses
   Possession   already paid)

2. Jack Bryant   Fee   $ 36,906.50
   Attorney for Debtor   Expenses   $ 3,469.91
   and Debtor-in-   (less fees and expenses
   Possession   already paid)

3. Richard Hewitt   Fee   $ 48,586.50
   Special Counsel to   Expenses   $ 3,129.15
   Debtor and Debtor-in-
   Possession

4. Lawrence Beason   Fee   $ 14,626.50
   Attorney for Equity   Expenses   $ 358.78
   Shareholders' Committee

5. Gibson, Johnson and   Fee   $ 20,461.95
   Company, Accountants   Expenses   $ -0-
   for Debtor and Debtor-
   in-Possession

6. Garrett & Settle   Fee   $ -0-
   Attorneys for Henry
   Grubbs, et al

7. Ray & Terrell   Fee   $ -0-
   Attorneys for Henry
   Grubbs, et al

8. Pierson & Galyen   Fee   $ -0-
   Attorneys for Henry
   Grubbs, et al

**In re UNION SCRAP IRON & METAL COMPANY, Debtor.**

**Bankruptcy No. 4–85–125.**

United States Bankruptcy Court, D. Minnesota.

May 9, 1985.

Leroy C. Paddock, Dwight Wagenius, Donald Johnson, Sp. Asst. Attys. Gen., PCA Div., Roseville, Minn., for Minnesota Pollution Control Agency.

Jeremiah J. Kearney, Christopher A. Elliott, St. Paul, Minn., for Nat. City Bank.

Edward W. Bergquist, Minneapolis, Minn., Trustee.

## ORDER APPROVING ABANDONMENT

ROBERT J. KRESSEL, Bankruptcy Judge.

This matter came on for hearing on the objection of the Minnesota Pollution Control Agency (MPCA) to the trustee's proposed abandonment of certain property. LeRoy C. Paddock, Dwight Wagenius and Donald Johnson appeared for the MPCA. Edward W. Bergquist, the trustee, appeared *in propria personna* and Jeremiah J. Kearney and Christopher Elliott appeared on behalf of the National City Bank.

On March 28, 1985, the trustee filed a Notice of Abandonment of all of the debtor's real property and notice of the proposed abandonment was given to all creditors and other interested parties, including the MPCA. The MPCA filed a timely objection to the abandonment.

The trustee's proposed abandonment is governed by 11 U.S.C. § 554(a) which reads: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The MPCA concedes that the statutory requirements for abandonment are met. The property is encumbered in excess of its value and in fact not only would the property not be of any value or benefit to the estate, it clearly is burdensome.

The MPCA objects to the abandonment because of certain requirements imposed upon the debtor to remove scrap piles and other soil and ground water contamination. The MPCA wants to avoid abandonment so that those responsibilities and/or expenses can be imposed on the trustee. It is also agreed that the trustee has no unencumbered property which could be made available to complete the work required by the MPCA or pay it anything as an administrative expense if the MPCA does the required work.

Rather, the MPCA urges me to ignore the statute on certain policy grounds which would require the trustee to make the appropriate corrections or in the alternative to pay for them. First of all, the trustee has no funds from which to either do the work or pay for the work to be done. The MPCA's argument that somehow the property could be sold and money properly payable to the secured creditor be used is without any support in the Bankruptcy Code or other federal statute that I am aware of.

The MPCA relies upon the case of *City of New York v. Quanta Resources Corp. (In re Quanta Resources Corp.)*, 739 F.2d 912 (3rd Cir.1984) for its position. There is little doubt that *Quanta Resources* supports the MPCA's position. The problem is that the majority opinion in *Quanta Resources* was attempting to graft its view of proper public policy onto the Bankruptcy Code. It may well be that the majority's opinion is good public policy. Unfortunately it is not the policy adopted by Congress in enacting § 554. Rather, I agree with the dissent in *Quanta Resources* that

> there is no legislative history suggesting that we may alter or amend [Section 554(a)]. The intent is clear. The record here establishes that the property is burdensome and of inconsequential value to the estate.... Thus, under federal law, the trustee may abandon the property.

*City of New York v. Quanta Resources Corp. (In re Quanta Resources Corp.)*, 739 F.2d 912, 923 (3rd Cir.1984), *Rev. granted*, — U.S. —, 105 S.Ct. 1168, 84 L.Ed.2d 319 (1985). Thus I feel compelled to follow the statute enacted by Congress rather than the Third Circuit's opinion in *Quanta Resources*.

THEREFORE, IT IS ORDERED: The trustee's abandonment of the debtor's real property is approved.