

Gerst & Pullin, Garden City, N.Y., for debtor.

Schwartz, Sachs & Kamhi, Carle Place, N.Y., for landlord.

Finkel, Goldstein & Berzow, New York City, for Creditors committee.

**In re UNIT PORTIONS OF DELAWARE, INC., Debtor.**

**Bankruptcy No. 885–50424–18.**

United States Bankruptcy Court, E.D. New York.

Sept. 18, 1985.

C. ALBERT PARENTE, Bankruptcy Judge.

The debtor, Unit Portions of Delaware, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Reform Act (the "Code") on March 20, 1985.

On May 16, 1985 the debtor submitted to the court an order to show cause in which, pursuant to § 365(d)(4), the debtor sought an extension of time to determine whether it would assume or reject an executory nonresidential lease of real property located at 146 Albany Avenue, Lindenhurst,

New York. In the application accompanying the order to show cause, the debtor stated that it required an additional three months to determine whether its reorganization efforts would generate sufficient revenues to justify assuming the lease. The court signed the debtor's order to show cause on May 19, 1985 and set the matter down for a hearing on June 6, 1985.

At the hearing, the landlord objected to the granting of an extension of the debtor's time for assuming the lease, contending that pursuant to § 365(d)(4) the court's statutory power to grant the extension had expired on May 20, 1985, marking the sixtieth day after the entry of the debtor's order for relief.

DISCUSSION

Section 365(d)(4) provides that:

[I]n a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, *or within such additional time as the court, for cause, within such 60-day period, fixes*, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor. (Emphasis added.)

Pursuant to 11 U.S.C. §§ 1107 and 1101, the debtor, as debtor-in-possession, fulfills the role of a trustee in a Chapter 11 case and thus is bound by the requirements of § 365(d)(4).

The landlord, relying on the plain language of the provision, contends that the court cannot grant the debtor/trustee an extension once the sixtieth day after the date of the order for relief has passed, and that it is irrelevant that the debtor submitted its request for an extension to the court before the expiration of the 60 day period.

The court finds the landlord's construction of the statute untenable. Although as a general rule a court must adhere to the literal requirements of an unambiguous statute, it has long been recognized that a court has a duty to look beyond the language where a literal reading would produce absurd, unintended, or manifestly unjust results. As the Supreme Court held in *Rector, Etc., of Holy Trinity Church v. U.S.*, 143 U.S. 457, 460, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892) ("*Holy Trinity*"):

If a literal construction of the words of a statute be absurd, the act must be so construed as to avoid the absurdity.

The holding of *Holy Trinity* was affirmed in *U.S. v. American Trucking Assns.*, 310 U.S. 534, 542, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940) ("*American Trucking*"), where the Court expanded upon a court's obligation in construing statutory language where literal adherence would be absurd or futile.

In the interpretation of statutes, the function of the courts is ... to construe the language so as to give effect to the intent of Congress.... Often [the] words [of the statute] are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act.... *[E]ven when the plain meaning did not produce absurd results but merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole' this Court has followed that purpose, rather than the literal words.* (Emphasis added.)

The holdings of *Holy Trinity* and *American Trucking* were reaffirmed by the Court in *Perry v. Commerce Loan Co.*, 383 U.S. 392, 400; 86 S.Ct. 852, 857, 15 L.Ed.2d 827 (1966) and have been consistently followed by lower courts when confronted by statutory language found to produce absurd or unintended results. *See, e.g., U.S. v. Mendoza*, 565 F.2d 1285 (5th Cir.1978); *de los Santos v. Immigration and Naturalization Service*, 525 F.Supp. 655, 664 (S.D.N.Y.1981).

As was stated in a recent Law Review article:

Reliance on literal meaning is a wholly inadequate response to the problems and efforts of the law-drafter and law-giver.... A good faith, common sense effort to reconstruct the context and purpose is essential. Literal meaning is a wholly insufficient tool.

Kernochan, *Statutory Interpretation: An Outline of Method*, 3 The Dalhousie L.J. 334 (1976).

Section 365(d)(4) was enacted to enable a trustee to review a debtor's executory contracts or leases, to assume those which are necessary to an effective reorganization, and to reject those which are burdensome. *In re Steelship*, 576 F.2d 128, 132 (8th Cir.1978). In order to minimize the hardship to those parties with whom the debtor has such a contract or lease, the trustee is required to act expeditiously. House Rep. No. 595, 95th Cong., 1st Sess. 348–9 (1977); Senate Report No. 989, 95th Cong., 2d Sess. 59 (1978), U.S. Code Cong. & Admin. News 1978, 5787. As a general rule, the trustee must either assume or reject the lease within 60 days of the order for relief or the lease will be deemed rejected. However, Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60 day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension additional time to make this assessment.

Although the literal language of the statute requires that the extension be granted before the expiration of the 60 day period, the court finds that this provision was intended to assure that the trustee submit his request to the court within this period, and to preclude the court from extending the time for assumption upon an untimely application by the trustee. *Accord, In re Capellen*, 39 B.R. 40 (Bankr.S.D.Fla.1984). By requiring the trustee to make a decision concerning the lease within the 60 day period, or show cause why he needs additional time to do so, the statute protects adverse parties against delays caused by the trustee's failure to investigate whether the lease should be assumed. No possible statutory purpose is served by terminating the estate's interest in the lease merely because the court could not hear or decide the issue within the 60 day period.

A trustee who has requested a hearing for an extension of time within the prescribed period, and who makes a *prima facie* case of his need for the additional time, has done all he can to obtain the extension. It would be absurd to deny his request and cause the estate to forfeit a potentially critical asset merely because the trustee's motion was not decided until after the expiration of the 60 day period. The court finds no evidence in the legislative history or in the overall statutory scheme to indicate Congress intended such a result.

In *U.S. v. Stollings*, 516 F.2d 1287, 1288 (4th Cir.1975), the court was required to construe a rule of criminal procedure which conditioned the defendant/movant's ability to obtain relief upon the court's acting within a fixed period of time. The court found that the provision was arbitrary and unfair and should not be read literally. The court's analysis is instructive:

We need not give the Rule so literal a reading, ... and we can not assume that such a reading was intended when the consequences would be so devastatingly and arbitrarily fortuitous. For any number of reasons it may be impossible or impractical for a judge to act promptly upon [the] motion.... The judge may be ill, absent from his district on vacation....

In such instances, the time required for the court's consideration and action upon the motion is wholly beyond the control of the [applicant].

*Id.* The court went on to hold that the court retained the power to grant the movant's request for relief so long as the movant made a timely motion and there were no unreasonable delays in the court's consideration of the issue. *Id.*

In the case at bar, the debtor did all it could reasonably do to comply with the

requirements of § 365(d)(4) for obtaining an extension of time to assume or reject the lease. The debtor submitted its order to show cause and presented a *prima facie* case demonstrating its need for the extension before the expiration of the 60 day period. The scheduling of the hearing was neither the responsibility of, nor in the control of, the debtor. It would be unjust to deny the debtor its request for relief due to the court scheduling of the hearing after the expiration of the 60 day period.

. Accordingly, the court finds that the debtor's submission of his order to show cause within the statutory 60 day period tolled for purposes of § 365(d)(4) the running of the court's time to grant the debtor's request for an extension. In addition, the court finds that the debtor has established cause for the extension and hereby grants the debtor until September 26, 1985 to assume or reject the lease.

It is SO ORDERED.