John C. Phillips, Jr., Heckler, Cattie & Phillips, Wilmington, Del., for P & F, Ltd.

Michael B. Joseph, Wilmington, Del., Trustee.

## MEMORANDUM OPINION

HELEN S. BALICK, Bankruptcy Judge.

On January 14, 1985, the Barrister of Delaware, Ltd., filed a Chapter 7 case. Its business was the operation of a restaurant in leased premises. The Trustee arranged for an auction of debtor's personal property which was held February 28. He vacated the premises on March 1.

The landlord, P & F, Ltd., filed a claim for administrative rent in the amount of $1,890.60 ($41.10 a day) for the period January 14 through March 1, 1985, and moved

**In the Matter of The BARRISTER OF DELAWARE, LTD., Debtor.**

**Bankruptcy No. 85–9.**

United States Bankruptcy Court, D. Delaware.

May 3, 1985.

for an order directing the Trustee to immediately pay its claim pursuant to 11 U.S.C. § 365(d)(3). The parties agree that the lease was rejected on March 1 and that the amount claimed is the rental provided by the terms of the lease.

The 1984 amendments to the Bankruptcy Code added two paragraphs—(3) and (4)—to § 365(d). The first sentence of Paragraph (3) provides that the *Trustee shall timely perform all the obligations of the debtor,* except those specified in (b)(2),* arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding § 503(b)(1).

Section 503(b)(1) provides that administrative expenses may be allowed after notice and a hearing. Thus, any obligation covered by the first sentence of § 365(d)(3) is allowed as an administrative expense without the necessity for notice and a hearing if no objection has been filed to the request/claim for payment.

The debtor had the obligation under the lease to pay rent. After entry of the order for relief the Trustee must perform that obligation since no subsection under § 365 excepts it.

The second sentence of subsection (d)(3) indicates when the Trustee must perform. If the lease requires payment of rental at a time subsequent to but less than 60 days after the entry of the order for relief, the time of payment (performance) may be extended, for cause, within but not beyond the 60-day period within which the Trustee must assume or reject the lease if he wishes to avoid the self-executing effect of subsection § 365(d)(4).

The remaining two sentences of Paragraph (3) have no bearing on the issue presented by P & F's motion.

Under the recited facts, P & F, Ltd. is immediately entitled to the amount claimed.

---

* I question the reference to (b)(2) as that subsec-

tion imposes no obligations.