**In re Kwan H. KIM, Sung S. Kim dba Morrison Street Deli, Debtors.**

**Bankruptcy No. 385–02402(13).**

United States Bankruptcy Court,
D. Oregon.

Nov. 20, 1985.

Magar E. Magar, for debtors.

Laura Walker, for lessor, Neighbors of Woodcraft.

Philip N. Jones, for interested parties, Peggy Ohlson, Bernice Bean and Sarah McNeal.

### MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon creditors' objections to the debtors' motion to assume a lease.

The relevant facts are not disputed. The debtors filed for relief under chapter 11 on June 21, 1985. On August 20, 1985, 59 days later, the debtors filed a "NOTICE OF MOTION TO ASSUME LEASE". This pleading was directed at the lease involving the above-referenced creditors. Also on August 20, 1985, the debtors filed a motion to extend the time for assumption of the lease in question.

On August 22, 1985, Neighbors of Woodcraft filed an objection to the debtors' motion to assume the lease. This objection was based, in part, on § 365(d)(4), which states:

> [I]n a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor. (Emphasis added.)

On October 11, 1985, Mr. Jones also filed, on behalf of his clients, an objection to the debtors' motion to assume the lease. He also relied in part upon § 365(d)(4).

On October 16, 1985, the court held a hearing on the debtors' motion and the creditors' objections. At the hearing, the parties were asked to brief the question whether the debtors had irrevocably rejected the lease by failing to obtain a court order within the sixty day period described in § 365(d)(4).

After considering the briefs and the various opinions cited by the parties, the court concludes that the analysis of the court in *In re Unit Portions of Delaware, Inc.*, 53 B.R. 83, 13 BCD 635 (Bkrtcy.E.D.N.Y.1985) is correct. Inasmuch as the facts in *Unit Portions* are nearly identical to the facts in this case and, in view of the fact that this court agrees with the analysis in *Unit Portions*, this court will not reiterate that analysis.

Upon request of an interested party, the court will schedule an adjourned hearing on the debtors' motion to assume the lease in question. The court will determine at that hearing, if necessary, whether the debtor can satisfy, or has satisfied, the requirements of § 365.

This opinion constitutes the court's findings of fact and conclusions of law and in accordance with Bankruptcy Rule 7052, they will not be separately stated.