In re S & F CONCESSION, INC., Debtor.

David FELD, Plaintiff,

v.

S & F CONCESSION, INC. and Fred Zimmerman, Trustee, Defendants.

Bankruptcy No. 85–03756G.
Adv. No. 85–0909G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 23, 1985.

Michael G. Neri, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiff, David Feld.

Paul B. Maschmeyer, Melvin Lashner Associates, Philadelphia, Pa., for defendants, Fred Zimmerman, Trustee of S & F Concession, Inc.

Fred Zimmerman, Pennsauken, N.J., Trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

This is an issue of first impression in this district. The query presented under 11 U.S.C. § 365(d)(3) of the Bankruptcy Code ("the Code") as added by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the 1984 Act") is whether the debtor, as a tenant of a parcel of nonresidential real property, may be compelled to pay immediately all postpetition rental obligations. For the reasons expressed below, we conclude that the debtor must pay immediately all postpetition arrearages under the lease and remain current as future payments come due.

The facts of this case are as follows:[1] The debtor has been renting two parcels of nonresidential realty from David Feld ("Feld") for several years. The debtor filed a petition for relief under chapter 7 of the Code on September 9, 1985, and since that time it has paid no rent to Feld, although payments have fallen due on the first of each month since the filing of the petition. For September, Feld seeks prorated rent of $733.33 and $1,063.33 for the two leases and rent for November and December in amounts of $1,000.00 per month under the first lease and $1,450.00 per month for the second lease. For each month in default Feld also seeks a $25.00 late charge per month per lease as provided in the leases. The total request, therefore, is for $6,846.66.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. Subtitle C of title III, with the exception of a few minor changes, is identical to S. 549 which was overwhelming approved by the committee and which unanimously passed the Senate in 1982 and 1983.

This subtitle contains three major substantive provisions which are intended to remedy serious problems caused shopping centers and their solvent tenants by the administration of the bankruptcy code.

   *     *     *     *     *     *

[The second] problem is that during the time the debtor has vacated space but has not yet decided whether to assume or reject the lease, the trustee has stopped making payments due under the lease. These payments include rent due the landlord and common

The 1984 Act amended the Code and added the following pertinent provision:

(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

11 U.S.C. § 365(d)(3). A plain reading of this subsection indicates that a debtor, renting nonresidential realty under an unexpired lease, must timely perform all obligations arising after the filing of the petition unless the court grants the limited extension authorized in § 365(d)(3). The legislative history of § 365(d)(3), which is reproduced below in a footnote, supports the clear language of the subsection.[2] Also, the debtor need not perform any post-

area charges which are paid by all the tenants according to the amount of space they lease. In this situation, the landlord is forced to provide current services—the use of its property, utilities, security, and other services—without current payment. No other creditor is put in this position. In addition, the other tenants often must increase their common area charge payments to compensate for the trustee's failure to make the required payments for the debtor.

The bill would lessen these problems by requiring the trustee to perform all the obligations of the debtor under a lease of non-residential real property at the time required in the lease. This timely performance requirement will insure that debtor-tenants pay their rent, common area, and other charges on time pending the trustee's assumption or rejection of the lease. For cause the court can extend the time for performance of obli-

petition obligations to the extent those duties were triggered by the conditions specified in § 365(b)(2) [3] which are the debtor's financial condition, the filing of the petition or the appointment of a trustee.

We granted no extension to the debtor under § 365(d)(3) and the payment of rent sought by Feld was not triggered by § 365(b)(2). Thus, the clear language of § 365(d)(3) mandates that the trustee immediately pay all postpetition rent and remain current on future rent payments as they come due. The case law supports this decision. *In Re Barrister of Delaware, Ltd.*, 49 B.R. 446 (Bankr.D.Del.1985); *In Re By-Rite Dist., Inc.*, 47 B.R. 660 (Bankr. D.Utah, 1985); *In Re Ted Liu's Szechuan Garden, Inc.*, 55 B.R. 8, Bky. (Bankr.D.D. C.1985).

We will accordingly enter an order directing the trustee to pay Feld within ten (10) days the claimed sum of $6,846.66 and we will also order the trustee to remain current on all future rent.

---

gations due during the first 60 days after the order for relief, but not beyond the end of such 60-day period. At the end of this period, the amounts due during the first 60 days would be required to be paid, and thereafter, all obligations must be performed on time. This permissible 60-day grace period is intended to give the trustee time to determine what lease obligations the debtor has and to locate the cash to make the required payments in exceptionally large or complicated cases.

130 Cong.Rec. S8994–95 (daily ed. June 29, 1984) (remarks of Senator Hatch) as quoted in

*In Re By-Rite Dist., Inc.,* 47 B.R. 660, 664–65 (Bankr.D.Utah 1985).

**3.** Paragraph (1) of this subsection does not apply to a default that is a breach of a provision relating to—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case.

(B) the commencement of a case under this title; or

(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11 U.S.C. § 365(b)(2).