**In re MUSIKAHN CORP., Jack Kahn Music Co., Inc., Debtors.**

**Bankruptcy No. 885–51693–18.**

United States Bankruptcy Court,
E.D. New York.

Feb. 20, 1986.

See also 57 B.R. 938.

---

Wofsey, Certilman, Haft, Lebow & Balin, New York City, for debtors.

Berkman, Henoch, Peterson, Kadin & Peddy, Garden City, N.Y., for Robert Buchakian, Landlord.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

On November 20, 1985, Robert Buchakian (hereinafter "landlord") moved for an order compelling the debtor to assume or reject the commercial lease in question under 11 U.S.C. § 365(d)(2), or, in the alternative, for an order directing the debtor to pay its post-petition rent obligations pursuant to 11 U.S.C. § 365(d)(3).[1] The debtor has cross-moved for an order extending its time to assume or reject the lease up to and including April 17, 1986.

## BACKGROUND

The debtor operates a chain of retail stores selling pianos, organs, and other keyboard instruments, and leases the commercial premises located at 301 Route 110, Huntington, New York, from the landlord. On October 22, 1985, the debtor filed for protection under Chapter 11. The automatic stay has operated to enjoin a summary proceeding commenced by the landlord in state court for the non-payment of rent.

Under the terms of the lease, the debtor is required to pay the landlord the monthly rental payment of $4,720.83, due on the first day of the appropriate month. The debtor defaulted on this rent obligation for the months of August and September, 1985. Upon the debtor's default, the landlord instituted a summary proceeding for the non-payment of rent in the Third District Court, County of Suffolk, Huntington Part. This action was withdrawn upon the debtor's tender of the rental sums then due the landlord. However, the landlord instituted the second summary proceeding noted above upon the debtor's failure to pay its October, 1985, rent.

## DISCUSSION

In its Memorandum of Law, the landlord frames the issue in dispute as whether this court can extend the debtor's time to assume or reject the lease after the landlord has moved to compel the debtor's assumption or rejection. However, the landlord's assertion that it can so compel the debtor has no basis in any provision of the Code. Under 11 U.S.C. § 365(d)(2), a lessor may move to compel a debtor to assume or reject a residential real property lease only. In such a case, the lessor's power to compel serves to relieve doubts relating to the lease's status in the reorganization that may arise from a trustee's power to assume or reject a residential real property lease at any time until the confirmation of the plan. H.R. No. 95–595, 95th

---

1. This court dismisses as frivolous the landlord's third alternative motion that this court direct the trustee to surrender the premises in question to the lessor.

Cong., 1st Sess. 348–9 (1977); *see*, S.R. No. 95–989, 95th Cong., 2d Sess. 59 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.

■ In 11 U.S.C. § 365(d)(3) and (4), Congress has separately provided for the trustee's assumption or rejection of a commercial lease. A trustee must decide whether to assume or reject a commercial lease within 60 days of the bankruptcy filing, or within such extended time as the bankruptcy court grants. *See generally*, 11 U.S.C. § 365(d)(4). However, neither § 365(d)(3) nor (d)(4) bestow upon the landlord the power it now seeks to exercise. This court must adhere to the literal requirements of an unambiguous statute, provided that such a literal reading would not produce absurd, unintended or manifestly unjust results. *In re Unit Portions of Delaware*, 53 B.R. 83, 84, 13 B.C.D. 635 (Bankr.E.D.N.Y.1985). Through the establishment of the 60 day period, Congress sought to expedite the trustee's decision to assume or reject; however, there is no indication that Congress intended to endow a lessor with a mechanism for harassing the trustee into making a hasty and ill-advised determination prior to the expiration of the statutory period. *See*, Statement by the Honorable Orrin G. Hatch, P.L. 98–353, 130 Cong.R. S8891, 3 U.S.Code Cong. & Ad.News 576, 598–601 (1984).[2] Accordingly, this court finds the landlord's motion to compel incongruous with existing bankruptcy law and, as such, denies the motion.

The landlord can attempt to quicken the assumption process through its opposition to the debtor's motion to extend the statutory 60-day period. This court may grant such an extension for cause where the trustee has demonstrated that it cannot accurately assess the value of the lease to the estate within the prescribed 60-day period. *Unit Portions*, 53 B.R. at 85. In the present case, the debtor asserts two grounds upon which such relief is required: 1) the debtor requires additional time to assess the profitability of this location during the "busy season" between Christmas and the end of March; and, 2) the debtor is in the midst of negotiations with third parties to obtain loans which will be used to provide working capital and satisfy post-petition rent obligations.

■ The landlord has not sufficiently refuted this showing of cause through its assertions that it has incurred the burdens of upkeep as well as the loss of a prospective lessee for the premises. The Code provides the landlord with an avenue for relief should the debtor reject the lease, *see generally* 11 U.S.C. § 365(g). Additional safeguards within the Code dictate that prior to the trustee's assumption of the lease, the landlord be made whole for damages due to debtor's default. *See generally*, 11 U.S.C. § 365(b). Furthermore, the landlord's claim that the debtor's chances of obtaining financing are "slim at best" is mere speculation and hardly an invalidation of the debtor's showing of cause. Accordingly, this court grants the debtor's cross-motion to extend the statutory period in which it can assume or reject the lease up to and including April 17, 1986.[3]

■ The landlord has moved in the alternative for an order pursuant to 11 U.S.C. § 365(d)(3) directing the debtor to pay the landlord the monthly rental payments for the month of November, 1985, a sum equal to $4,720.83. The clear language of § 365(d)(3) specifies that the trustee abide by its post-petition rent obligations where such obligations were not triggered by the

---

**2.** The landlord's contention that *In re Cook United, Inc.*, 53 B.R. 342 (Bankr.N.D.Ohio 1985) is dispositive is clearly erroneous. The Bankruptcy Amendments & Federal Judgeship Act of 1984, of which § 365(d)(3) and (4) were a part, applies to cases filed after October 7, 1984. The debtor in *Cook United* filed its order for relief on October 1, 1984. Consequently, § 365(d)(3) and (4), while relevant in the present case, were not applicable in the *Cook United* case, thus rendering that decision impertinent to the present case.

**3.** This court has concluded in *Unit Portions*, 53 B.R. at 83, and in its recent decision in *In re Musikahn Corp.*, 57 B.R. 938 (Bankr.E.D.N.Y. 1986) that it may grant an extension of the statutory 60-day period outside of the initial 60 days. *See also, By-Rite Distributing, Inc. v. Brierley*, 55 B.R. 740 (D.Utah 1985).

debtor's insolvency or Chapter 11 filing and where no extension of the time periods relevant to these obligations was granted. *In re S & F Concession, Inc.,* 55 B.R. 689, 13 B.C.D. 1119 (Bankr.E.D.Penn.1985); *Matter of The Barrister of Delaware, Ltd.,* 49 B.R. 446, 13 B.C.D. 29 (Bankr.D.Del. 1985). In the present case, the debtor's rent obligations arise from the lease as a consequence of the debtor's continued possession and use of the premises.

Accordingly, the debtor is directed to pay the landlord the amount equal to the rental payment for November, 1985, together with any and all subsequent and future rent payments as they have or will come due within 15 days from the receipt of this order, *accord, In re Ted Liu's Szechuan Garden, Inc.,* 55 B.R. 8 (Bankr.D.D.C. 1985), *In re Las Margaritas, Inc.,* 54 B.R. 98, 13 B.C.D. 906 (Bankr.D.Nev.1985). This court feels compelled to warn the debtor that the failure to comply with this order could constitute sufficient cause for this court to grant the landlord relief from the automatic stay to pursue an appropriate remedy in State court proceedings.[4]

It is SO ORDERED.

---

**4.** Section 365(d)(3) is silent as to the consequences of a trustee's failure to pay its post-petition obligations. One commentator has suggested that upon such failure, the non-debtor party could seek to have any extension of the statutory 60-day period to assume or reject the lease terminated. *See,* Collier's on Bankruptcy ¶ 365.-03[1] at 365–28–29 (1985). Although such a remedy might be available to the lessor, this court also impresses upon the debtor that its default on post-petition rent payments, as a violation of both lease and Code provisions, might constitute valid grounds for eviction under the lease. *Cf., In re Southwest Aircraft Services, Inc.,* 53 B.R. 805, 13 B.C.D. 814, 815 (Bankr.C.D. Cal.1985), where the bankruptcy court, finding § 365(d)(3) to be silent regarding the consequences of noncompliance, noted that the failure to comply with this provision might result in a default which could not be cured by the trustee, *arguendo,* rendering the lease nonassumable and so deemed rejected.