**In re SOUTHERN ENERGY, LTD., Debtor.**

**Bankruptcy No. 87–07126.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

March 2, 1989.

Mark D. Hildreth, Tallahassee, Fla., for Rex Lumber Co.

C. Edwin Rude, Jr., Tallahassee, Fla., for debtor.

Ronald A. Mowrey, Tallahassee, Fla., Trustee.

**ORDER DENYING MOTION TO COMPEL TRUSTEE TO SURRENDER PROPERTY**

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE comes before the Court on creditor Rex Lumber Company's motion seeking surrender of nonresidential real property under § 365(d)(4) of the Bankruptcy Code. The company seeks the surrender based on the alleged failure of the debtor to assume the lease. For the reasons which follow, Rex's motion to compel surrender is denied.

Code § 365(d)(4) states that once an order for relief is entered, the trustee has sixty (60) days to assume or reject an unexpired lease or get an extension of time. Failure to act within 60 days deems the lease rejected and obligates the trustee to immediately surrender such nonresidential real property to the lessor. *See In re Hurst Lincoln–Mercury, Inc.*, 70 B.R. 815 (Bankr.S.D.Ohio 1987); Senate Rep. No. 98–65, 98th Cong., 1st Sess. 68 (1983).

 In the present case, an involuntary petition was filed against a defunct and non-operational entity[1] and the order for

---

1. Throughout this case no person nor entity has ever appeared as a representative of the debtor. No schedules have ever been filed. An order directing Catalyst Biomass, Inc., sole stockholder of the debtor's corporate general partner, Guaranty Fuels, Inc., to prepare and file sched-

relief was entered June 4, 1987. In accordance with § 365(d)(4), the trustee had to assume the lease by August 3, 1987, or it would be, automatically rejected. There was no affirmative assumption of the lease by August 3, 1987. However, no trustee had been appointed to the case nor was there a debtor-in-possession. In fact, the trustee was not appointed until December 18, 1987. Thus, when the relief was ordered, no there was no one to assume or reject the lease.

The question then arises as to whether the 60–day time period should be tolled until the appointment of the trustee. In *In re Ted Liu's Szechuan Garden, Inc.*, 55 B.R. 8 (Bankr.D.C.1985), the Court tolled the 60–day period under § 365(d)(4) as debtor could not exercise the right to assume while his right to redeem was under advisement of the Court. The *In re Ted Liu's* Court followed the general rule that when a person is unable or prevented

> from exercising his legal remedy, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right even though the statute makes no specific exception in his favor in such cases. 51 Am.Jur.2d Limitation of Actions § 140 (citations omitted).

The purpose of this rule is to allow a claimant the full benefit of the law and the full time allowed him to bring his action. *Id.* Thus, in the present case, since no one was in a position to exercise the debtor's right to assume, the running of the sixty (60) day period under 11 U.S.C. § 365(d)(4) should be tolled until the appointment of a trustee. That is, the commencement of the 60–day period should begin on December 18, 1987.

This finding is further supported by equitable considerations. In *In the Matter of Curio Shoppes, Inc.*, 55 B.R. 148 (Bankr.D. Conn.1985), the Court determined that equitable considerations may be employed in chapter 11 reorganizations to deny a landlord the right to possession of nonresiden-

tial real property even when a lease is not timely assumed under 11 U.S.C. § 365(d)(4). Noting the legislative history and the overriding equitable principles of bankruptcy, the Court concluded that "bankruptcy courts may resort to equity when literal enforcement of a directly applicable statute would frustrate the purposes of the reorganization, and relief to the debtor would not prejudice the landlord." *Id.* at 155. *See also, In the Matter of Schulz*, 63 B.R. 163 (Bankr.D.Neb.1986). (Time to assume or reject lease had expired; yet, the Court granted additional 30 days time to assume or reject based on debtor's belief that lease was a disguised security agreement.).

Moreover, even if the 60–day time period were not tolled, the lessor failed to make a timely demand for possession of the premises. On December 21, 1987, United States Trust Company filed a Proposed Plan of Reorganization which communicated the intention of assuming the lease, subject to the Court retaining jurisdiction to consider rejection at a later date.[2] On April 20, 1988, confirmation hearings were held regarding the proposed plan. The landlord did not appear and object to the plan nor did landlord file a written objection or voice his objections to any party involved in the bankruptcy. On August 19, 1988, the Court entered an Order confirming the plan.

In the event the statute was not tolled, Rex had the right to demand surrender of the property up until the time of confirmation. However, once the order confirming the plan was entered, Rex's ability to compel surrender was barred by 11 U.S.C. § 1141(a). Section 1141(a) provides that the provisions of a confirmed plan are binding on creditors as well as the debtor regardless of whether their claim or interest is impaired under the plan or whether they have accepted the plan. Further, in compliance with *In the Matter of Haute Cuisine, Inc.*, 57 B.R. 200 (Bankr.M.D.Fla.1986), Rex Lumber is estopped from

ules was entered on August 2, 1988, however that order is currently on appeal. Catalyst Blomass' position is that it has no responsibility with respect to this debtor.

2. Whether or not such reservation is of any effect is not addressed herein.

asserting the protection of § 365(d)(4) based on the doctrine of equitable estoppel.

Estoppel ... prevents a party from raising a claim or taking a legal position when his conduct with regard to that claim is contrary to his position. Estoppel requires (1) words, acts, conduct, or acquiescence causing another to believe in the existence of a certain state o things; (2) willfulness or negligence with regard to the acts, conduct or acquiescence; and (3) detrimental reliance by the other party upon the state of things so indicated. *In the Matter of Garfinkle,* 672 F.2d 1340, 1346–47 (11th Cir. 1982).

Based on the foregoing facts, the Court concludes that the creditor's motion to compel surrender of the property must be denied. First, no trustee having been appointed nor having a debtor-in-possession, there was no one to assume the lease under § 365(d)(4). Thus, the 60–day period for assumption or rejection should be tolled until the appointment of the trustee. The trustee would then meet the statutory limitation as evidence of intent to assume was contained in the confirmation plan filed on December 21, 1987. Second, the precepts of bankruptcy compel the application of equitable principles in enforcing the Bankruptcy Code. Finally, the creditor had ample opportunity to challenge the confirmation plan; yet, Rex failed to object at any time. As such, the plan was confirmed without objection and became binding under § 1141(a).

DONE AND ORDERED.